IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 20-41064 |
| **NEWSTREAM HOTEL PARTNTERS –** § | |
| **IAH LLC** § | |
| § | Chapter 11 |
| Debtor. § | |

**DECLARATION OF TIMOTHY NYSTROM
IN SUPPORT OF CERTAIN SECOND DAY MOTIONS**

I, Timothy Nystrom, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the President of Newstream Hotels & Hospitality LLC ("**Newstream Manager**"), the manager of Newstream Hotel Partners – IAH LLC ("**Newstream IAH**" or "**Debtor**") and I am familiar with the day-to-day operations, business, and financial affairs of the Debtor.

2. I submit this declaration (the "**Declaration**") in support of (i) the Debtor's Motion For Interim and Final Order Authorizing the Debtor to Maintain Insurance Policies (the "**Insurance Motion**")[Docket No. 2], and (ii) Debtor's Motion Pursuant to Sections 105(a) and 366 of the Bankruptcy Code for an Order (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment (the "**Utility Motion**", and together with the Insurance Motion, the "**Second Day Motions**")[Docket No. 3] and the relief requested therein.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with other employees and representatives of the Debtor,

my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. If I were called to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtor.

4. On April 28, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for bankruptcy under subchapter 5 of chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

5. The Debtor owns a 139,227 square foot full-service hotel located at 500 North Sam Houston Parkway East, Houston, Texas (the "**Property**"), conveniently located near George Bush Intercontinental Airport. The Property features 220 guest rooms, a restaurant, bar, and 15,000 square feet of meeting space, as well as an outdoor pool, fitness center, business center and other amenities consistent with a midscale full-service hotel.

6. The Debtor purchased the Property in September 2018 just prior to the collapse in oil prices that occurred in the Fall of 2018. The Debtor's financial struggles were further exasperated by its secured lender who unilaterally determined in the summer of 2019 that it would no longer allow the Debtor to use its interest reserve to make the monthly payments. In the fall of 2019, the Debtor was again further battered by the results of Tropic Storm Imelda, which crippled the greater Houston area.

7. The Debtor is named as an additional insured and the Property is covered under a property casualty policy in which the Property is bundled with two other properties in which Newstream Manager is also the manager (the "**Property Insurance Policy**"). Newstream Manager financed the purchase of the Property Insurance Policy pursuant to a premium finance

agreement with First Insurance Funding (the "**Property Premium Finance Agreement**"). The Property Premium Finance Agreement requires eight (8) monthly payments of $15,903.01, which Newstream Manager pays and then seeks reimbursement from the three entities that own the three properties covered by the Property Insurance Policy. The reimbursement is based on each entity's *pro rata* portion of the premiums financed, plus taxes and fees. More specifically, the Property Premium Finance Agreement provides for $211,589.15 in total premiums, taxes and fees, of which $135,910.15 is attributable to the premiums associated with the Property. Accordingly, Newstream Manager seeks monthly reimbursement of 64%[1] of the monthly amount, or $10,209.73.

8. The Debtor also maintains a commercial general liability policy (the "**General Liability Insurance Policy**" and together with the Property Insurance Policy, the "**Insurance Policies**"). The premiums associated with the General Liability Insurance Policy were also financed using a premium financing agreement (the "**General Liability Premium Finance Agreement**"). The monthly payment to IPFS Corporation, the lender on the General Liability Premium Finance Agreement, is $186.98.

9. The Debtor currently uses water, sewage, electric, natural gas, telecommunications, and other services from numerous utility providers (the "**Utilities**").[2] A list of each Utility is attached to the Utility Motion as **Exhibit A** (the "**Utility Service List'**). In an effort to provide adequate notice to each Utility, **Exhibit A** includes the mailing address to which the Debtor remits payments. The Debtor has served each of the Utilities listed on the Utilities Service List by first class and certified mail to the addresses listed in **Exhibit A,** and where possible the Debtor emailed contacts it had at each of the Utilities. Additionally, Debtor's

---

[1] $135,910.15/211,589.15 = 64.2%,

**DECLARATION OF TIMOTHY NYSTROM IN SUPPORT OF CERTAIN SECOND DAY MOTIONS – PAGE 3**

counsel has contacted each of the Utilities listed in **Exhibit A**.

10. The Debtor spends an average of **$22,670.00** each month on utility costs, and as of the petition date, approximately **$143,480.00** in pre-petition payments remain outstanding. *See* **Exhibit A**.

11. Uninterrupted utility services are critical to the Debtor's ability to operate and maintain the value of its business. The Debtor could not continue normal business operations or make necessary repairs without utility service. Such a cessation would substantially disrupt operations and/or repairs and result in loss of revenues, which could irreparably harm and jeopardize the reorganization efforts of the Debtor.

12. On or before April 24, 2020, counsel for the Debtor conferred or attempted to confer with representatives of each of the Utilities listed in the **Exhibit A**. Waste Connections of Texas indicated no opposition to the proposed amount. The City of Houston stated that the amount listed in **Exhibit A** would be required by the City of Houston as adequate assurance. The amounts listed in the **Exhibit A** with regard to Constellations New Energy, CenterPoint Energy, and LOGIX Fiber Networks are proposed amounts.

Executed on May 5, 2020.

By: _____
Timothy Nystrom

---

[2] The Utilities provide traditional utility service necessary for continued operation of Debtor's day-to-day business.

**DECLARATION OF TIMOTHY NYSTROM IN SUPPORT OF CERTAIN SECOND DAY MOTIONS – PAGE 4**

Scanned with CamScanner